# EXHIBIT A

## SOUTH CHERRY STREET LLC
## OPERATING AGREEMENT

This Operating Agreement, dated as of the 25ᵗʰ day of October, 2000, is by and between the persons listed on Schedule A hereto as members (each being individually referred to as a "Member" and collectively as the "Members") and the corporation identified on Schedule A hereto as the Manager (the "Manager").

WHEREAS, South Cherry Street LLC (the "LLC") has been formed pursuant to the Delaware Limited Liability Company Act (the "Act") by the filing on October 25, 2000 of a Certificate of Formation in the office of the Secretary of State of the State of Delaware;

NOW, THEREFORE, in consideration of the mutual covenants herein expressed, the parties hereto hereby agree as follows:

1. <u>Purposes</u>. The purposes of the Company are (i) to own, acquire, invest in, hold, and otherwise deal with a joint venture interest in H-H Resorts Joint Venture, an Arizona joint venture, and (ii) to engage in all related activities and businesses arising from any of the foregoing or relating thereto or necessary, desirable, advisable, convenient or appropriate in connection therewith as the Manager may determine. The Company shall not engage in any other trade or business.

2. <u>Management</u>. The LLC shall be managed by the Manager. The Manager shall have the authority to (i) exercise all the powers and privileges granted by the Act or any other law or this operating agreement, together with any powers incidental thereto, so far as such powers are necessary or convenient to the conduct, promotion or attainment of the business, trade, purposes or activities of the LLC and (ii) to take any other action not prohibited under the Act or other applicable law.

3. <u>Capital Contributions; Capital Accounts; and Liability of Members</u>.

(a) Each Member shall contribute in cash or other property to the capital of the LLC the amount as set forth opposite such Member's name on Schedule A hereto.

-2-

(b)    No Member shall be obligated or permitted to contribute any additional capital to the LLC.    No interest shall accrue on any contributions to the capital of the LLC, and no Member shall have the right to withdraw or to be repaid any capital contributed by it or to receive any other payment in respect of its interest in the LLC, including without limitation as a result of the withdrawal or resignation of such Member from the LLC, except as specifically provided in this Agreement.

(c)    A separate capital account shall be established for each Member, and shall be maintained in accordance with applicable regulations under the Internal Revenue Code of 1986, as amended (the "Code"). To the extent consistent with such regulations, there shall be credited to each Member's capital account the amount of any contribution of capital made by such Member to the LLC, and such Member's share of the net profits of the LLC, and there shall be charged against each Member's capital account the amount of all distributions to such Member, and such Member's share of the net losses of the LLC.

(d)    The liability of the Members for the losses, debts and obligations of the LLC shall be limited to their capital contributions; provided, however, that under applicable law, the Members may under certain circumstances be liable to the LLC to the extent of previous distributions made to them in the event that the LLC does not have sufficient assets to discharge its liabilities. No Member, in his, her or its capacity as a Member (or, if applicable, as a Manager), shall have any liability to restore any negative balance in his, her or its Capital Account. In no event shall any Member, in his, her or its capacity as a Member, be personally liable for any liabilities or obligations of the LLC.

4.    Return of Contributions.  The contribution of each Member is to be returned to such Member only upon the termination and liquidation of the Company, but contributions may be returned prior to such time if agreed upon by all Members.

5.    Share of Profits and Other Items.

(a)    The net profits, net losses, net cash flow and net proceeds of any sale or refinancing of any property of the LLC or upon liquidation of the LLC shall be allocated among the Members according to the Percentage Interests of each Member. Subject to the foregoing, distributions to the Members shall be made at such times and in such amounts as the Manager shall determine.

-3-

(b)    Net profits and net losses shall, for both accounting and tax purposes, be net profits and net losses as determined for reporting on the LLC's federal income tax return. For tax purposes, all items of depreciation, gain, loss, deduction or credit shall be determined in accordance with the Code and, except to the extent otherwise required by the Code, allocated to and among the Members in the same percentages in which the Members share in net profits and net losses.

6.    Transfers. The Members shall have the right to sell, transfer or assign their Percentage Interests at any time and in any manner that is permitted by the LLC Act, either voluntarily or by operation of law. The Members may Transfer all or a portion of their Percentage Interests. In the event of the Transfer of less than all of any Member's Percentage Interest, the transferee shall become a Member of the Company. In the event of the Transfer of all of a Member's Percentage Interest, the transferee shall succeed to all the Member's rights under this Agreement. Upon the Transfer of any Member's Percentage Interest, the transferee shall become a Member of the Company upon the completion of the Transfer without any further action.    As used in this Section 6, "*Transfer*" means any sale, assignment (other than a collateral assignment) or conveyance and any transfer occurring as a result of or in connection with the enforcement or realization by a secured party of its security interest granted by means of any encumbrance, collateral assignment, mortgage or pledge by a Member of all or any portion of its Percentage Interest, whether occurring voluntarily or by operation of law or the disposition of any Percentage Interest pursuant to a foreclosure or sale in lieu of a foreclosure.

7.    Priorities. No Member shall have any rights or priority over any other Members as to contributions or as to distributions or compensation by way of income.

8.    Continuation of the LLC. The Members may continue the business of the LLC upon the occurrence of any event which constitutes an event of dissolution of an LLC under the Act by electing to do so within 90 days after the occurrence of any of such event. Any such election shall be made by the Members by action of the holders of  more than 50% in Percentage Interests.

9.    Termination of Membership; Return of Capital. No Member may terminate his or its membership in the LLC or have any right to distributions respecting his membership interest (upon withdrawal or resignation from the LLC or otherwise) except as expressly set forth

-4-

herein. ¯ No Member shall have the right to demand or receive property other than cash in return for such Member's contribution.

10.   _Termination of Company_.   The Manager, in its discretion, may terminate the Company by written notice to the other Member or Members, and in such event, the Company shall be liquidated in accordance with the Act.   The Company shall be terminated upon the occurrence of any event which would constitute an event of dissolution under Section 18-802 of the Act.

11.   _Books and Records_.

(a)   The Manager shall cause the LLC to keep just and true books of account with respect to the operations of the LLC. Such books shall be maintained at the principal place of business of the LLC, or at such other place as the Manager shall determine, and all Members, and their duly authorized representatives, shall at all reasonable times have access to such books. Within 120 days after the end of each fiscal year of the LLC, each Member shall be furnished with financial statements which shall contain a balance sheet as of the end of the fiscal year and statements of income and cash flows for such fiscal year. Any Member may, at any time, at his, her or its own expense, cause an audit or review of the LLC books to be made by a certified public accountant of his, her or its own selection.

(b)   Such books shall be kept on the accrual method of accounting, or on such other method of accounting as the Manager may from time to time determine, and shall be closed and balanced as of December 31 in each year. The same method of accounting shall be used for both LLC accounting and tax purposes. The fiscal year of the LLC shall be the calendar year.

(c)   Fred Groothuis shall be the "tax matters partner" of the Company for purposes of the Code.

12.   _Indemnity; Other Business_.   Each Member and Manager, and the officers, directors and shareholders of any Member or Manager, which is a corporation, shall be entitled to indemnity from the LLC for any liability incurred and/or for any act performed by them within the scope of the authority conferred on them by this Agreement, and/or for any act omitted to be performed, except for their gross negligence or willful misconduct, which indemnification shall include all reasonable expenses incurred, including reasonable legal and other professional fees and expenses.

-5-

13.  <u>Miscellaneous</u>.

(a)    Subject to the restrictions on transfers set forth herein, this Agreement, and each and every provision hereof, shall be binding upon and shall inure to the benefit of the Members and the Manager, their respective successors, successors-in-title, heirs and assigns, and each and every successor-in-interest to any Member or Manager, whether such successor acquires such interest by way of gift, purchase, foreclosure or any other method, shall hold such interest subject to all of the terms and provisions of this Agreement.  None of the provisions of this Agreement shall be for the benefit of or enforceable by any creditor of any Member or Manager, or any creditor of the LLC other than a Member or Manager who is such a creditor of the LLC.

(b)    No change, modification, or amendment of this Agreement shall be valid or binding unless such change, modification, or amendment shall be in writing and duly executed by all of the Members.

(c)    This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted, construed and enforced in accordance with the laws of the State of Delaware.

(d)    This Agreement may be executed in a number of counterparts, all of which together shall for all purposes constitute one Agreement, binding on all the Members and the Manager notwithstanding that all Members and the Manager have not signed the same counterpart.

(e)    Any and all notices under this Agreement shall be effective (i) on the fourth business day after being sent by registered or certified mail, return receipt requested, postage prepaid, or (ii) on the first business day after being sent by express mail, telecopy, or commercial expedited delivery service providing a receipt for delivery. All such notices in order to be effective shall be addressed, if to the LLC at its registered office under the Act, if to a Member at the last address of record on the LLC books, and copies of such notices shall also be sent to the last address for the recipient which is known to the sender, if different from the address so specified.

(f)    This Agreement embodies the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings relating to such subject matter.

BUSDOCS:915271.3

-6-

IN WITNESS WHEREOF, the Members and the Manager have signed and sworn to this Agreement under seal as of the date first above written.

MEMBERS:

Fred Groothuis

SOUTH CHERRY STREET
INVESTMENT CORP.

By:
Fred Groothuis, President

MANAGER:

SOUTH CHERRY STREET
INVESTMENT CORP.

By:
Fred Groothuis, President

BUSDOCS:915271.3

-7-

## Schedule A

## Schedule of Membership

| Name | Capital Contribution | Percentage Interest |
|------|----------------------|---------------------|
| Fred Groothuis | $99.99 | 99.00% |
| South Cherry Street Investment Corp. | $1.00 | 1.00% |

MANAGER

South Cherry Street
Investment Corp.