# EXHIBIT D

08/30/2005 11:36 FAX 3037563627        Jansen,Kaufman&Groothuis              ☒002
08/26/2005 12:23 FAX 3037563627        Jansen,Kaufman&Groothuis              ☒002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------x

SOUTH CHERRY STREET LLC

              Plaintiffs,      Index No.: 603078/05

   -against-                AFFIDAVIT OF
                                    FRED ROBERT GROOTHUIS
BAYOU MANAGEMENT COMPANY, LLC,
BAYOU ACCREDITED FUND, LLC,

              Defendants.

---------------------------------------x

STATE OF NEW YORK  )
                          : ss.:
COUNTY OF NEW YORK )

      Fred Robert Groothuis, being duly sworn, deposes and says:

      1.    I am the president and sole owner of South Cherry Street Investment Corp., a Delaware corporation, which is the sole managing member of South Cherry Street LLC, a Delaware limited liability company ("South Cherry"). I make this Affidavit in Support of the Order to Show Cause with Temporary Restraints, seeking to freeze the assets held by the Fund and seeking expedited discovery to locate assets of the Fund.

      2.    South Cherry invested in the Bayou Accredited Fund, LLC. ("Fund") beginning in March 2003. As of June 30, 2005, the Fund reported to South Cherry that its capital account was $1,565,193.00.

      3.    I currently live and work in Colorado where I am a certified public accountant.

NY-384578 v1

08/30/2005 11:36 FAX 3037563627        Jansen,Kaufman&Groothuis                    ☒003
08/26/2005 12:23 FAX 3037563627        Jansen,Kaufman&Groothuis                    ☒003

4. My decision to invest in the Fund on behalf of South Cherry was based in large part on reliance on the Fund documents that represented that the business of the Fund was to purchase, invest, trade and sell securities and to engage in other lawful securities transactions as the Adviser deems appropriate for the Fund.

5. On or about July 27, 2005, I received a notice that the Fund planned to liquate and distribute the proceeds to the investors. The purported reason for the liquidation was that the Fund's manager, Sam Israel, wanted to spend more time with his family.

6. Thereafter, I received a letter from Israel, dated August 11, 2005, in which Israel mapped out a plan for distribution of the Fund proceeds, which included a representation that the Fund planned to distribute 90% of the proceeds by August 17, 2005.

7. No moneys have been returned by the Fund and no further communications have been received from the Fund, its adviser, or anyone acting on the Fund's behalf since this August 11, 2005 communication. I am told that efforts by The Hennessee Group LLC, an investment adviser that helped me to evaluate the Fund, to contact the Fund, its adviser, its independent auditors, and others associated with the Fund have also been unsuccessful.

8. I have read the attached articles from the <u>Wall Street Journal</u> and <u>New York Times</u> which report that the Fund is currently under investigation by several law enforcement organizations and that the assets of the Fund, including South Cherry's capital account, may have been stolen.

For the foregoing reasons I respectfully request that the Court enter the Order to Show Cause with Temporary Restraints, seeking to freeze the assets held by the Fund and seeking expedited discovery to locate assets of the Fund.

08/30/2005 11:37 FAX 3037563627       Jansen,Kaufman&Groothuis                    ☒004
08/26/2005 12:24 FAX 3037563627       Jansen,Kaufman&Groothuis                    ☒004

_____
Fred Robert Groothuis

Sworn to before this
26th day of August, 2005

_____
Notary Public

LISA A. COMITO
NOTARY PUBLIC
STATE OF COLORADO

My Commission Expires: 5/20/2009

- 3 -