UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | : | 06 MD 1755 (CM) |
| ------------------------------------------------------X | | |
| THIS DOCUMENT RELATES TO: | | |
| ------------------------------------------------------X | | |
| SOUTH CHERRY STREET, LLC, | : | |
|  Plaintiff, | : | No.: 06-cv-02943 (CM) |
|  vs. | : | |
| HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE and CHARLES GRADANTE | : | |
|  Defendants. | : | **Electronically Filed** |

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS**

---

BRESSLER, AMERY & ROSS
17 State Street, 34th Floor
New York, New York  10004
(212) 425-9300
Attorneys for Defendants
Hennessee Group, LLC, Elizabeth Lee
Hennessee and Charles Gradante

On the Brief:   Lawrence E. Fenster (LF 9378)
                Matthew C. Plant (MP 0328)

# TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITY ................................................................................................................ ii

I. PRELIMINARY STATEMENT ................................................................................................. 1

II. ARGUMENT ............................................................................................................................. 3

      PLAINTIFF CANNOT AVOID THE ARBITRATION CLAUSE CONTAINED WITHIN THE AGREEMENT EXECUTED BY ITS AUTHORIZED AGENT CRAIG BOLLMAN ............................................................... 3

          A.    Plaintiff's Recently Contrived Contention That Bollman Was An Agent With Limited Authority Is Contradicted By The Allegations In the Complaint .................................................................... 3

          B.    Plaintiff's New Contention That Bollman Was An Agent With Limited Authority Is Inconsistent With The Conduct Of Bollman And Groothuis ............................................................................. 5

          C.    As A Party Who Received A Direct Benefit From The Agreement And Who Is Expressly Bound By Its Terms, Plaintiff Cannot Avoid Arbitration With Charles Gradante And Elizabeth Lee Hennessee ................................................................. 7

III. CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITY

## Federal Cases

Bellefonte Re Ins. Co. v. Argonaut Ins. Co.
    757 F.2d 523 (2d Cir. 1985) ................................................................................................4

Best Concrete Mix Corp. v. Lloyd's of London Underwriters
    413 F. Supp.2d 182 (E.D.N.Y. 2006) ..................................................................................7

Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP
    No. 03 CI. 929, 2004 WL 2471372 (S.D.N.Y. Nov. 3, 2004)...............................................7

Chateaugay Corp. v. LTV Corp.
    139 B.R. 698 (S.D.N.Y. 1992) .............................................................................................5

Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.
    271 F.3d 403 (2d. Cir. 2001) ................................................................................................7

Goodridge v. Harvey Group, Inc.
    778 F. Supp. 115 (S.D.N.Y. 1991).......................................................................................4

Health Plan v. O'Higgins
    951 F. Supp. 352 (N.D.N.Y 1997).......................................................................................6

In re Worldcom, Inc. Securities Litigation
    308 F. Supp.2d 214 (S.D.N.Y. 2004)...................................................................................4

Itar-Tass Russian News Agency
    No. 95 Civ. 2144, 1999 WL 58680 (S.D.N.Y. Feb. 9, 1999)...............................................6

Pacheco v. Serendensky
    393 F.3d 348 (2d Cir. 2004) .................................................................................................4

Trustees of the UIU Health and Welfare Fund v. New York Flame Proofing Co.
    828 F.2d 79 (S.D.N.Y. 1987) ...........................................................................................5, 6

I. **PRELIMINARY STATEMENT**

On June 30, 2006, Plaintiff filed its Opposition to Defendants' Motion to Stay Proceedings and Compel Arbitration of Plaintiff's Claims ("Plaintiff's Opposition"). The crux of Plaintiff's Opposition is that Craig Bollman, Plaintiff's authorized agent according to the Complaint, was instead merely Plaintiff's agent "for a certain purpose" (albeit an unspecified purpose) and that his agency did not extend to binding Plaintiff to the Investment Advisory Agreement ("Agreement") executed by Bollman on Plaintiff's behalf. Plaintiff's claim — made for the first time in its Opposition — disregards the admissions made by Plaintiff in the Complaint, the plain import of Plaintiff's first cause of action, and Plaintiff's conduct throughout the course of its relationship with Defendants. It also flies in the face of common sense and the applicable law.

As an initial matter, the majority of Hennessee Group's clients are high net worth individuals who in the normal course of business utilize multiple entities, including family limited partnerships, joint ventures and limited liability corporations, to invest their assets. See the Supplemental Declaration of Charles Gradante (the "Gradante Supp. Decl.") at ¶ 3. For clients' convenience and confidentiality, Hennessee Group does not require identification of all entities used by its clients to invest in hedge funds or require proof of ownership of a given entity. See Gradante Supp. Decl. at ¶ 3. This is precisely why Plaintiff's Agreement recites that it is being entered into by:

> Craig Bollman and all other entities, that may invest in hedge funds, for which Mr. Bollman is authorized under the terms of any applicable plan, trust, partnership agreement or other governing instrument and by any applicable law to retain Hennessee and to make investments in hedge funds (collectively "Client"). . . .

See Gradante Supp. Decl. ¶ 3 and Ex. A. thereto.

1

The Agreement thus allows the client to freely invest in hedge funds using any desired investment vehicle, while helping ensure that Hennessee Group receives agreed upon compensation for the client's use of its proprietary research and analytics.  See Gradante Supp. Decl. at ¶ 3.

Further, the facts and admissions referenced below plainly demonstrate that Bollman had actual and apparent authority to act on behalf of South Cherry Street and that Plaintiff is bound by the arbitration clause contained within the Agreement:

1. The Complaint admits that Bollman is the authorized agent of South Cherry Street and places no restrictions or limitations on his agency.  See Compl. at ¶ 12.

2. The Complaint alleges as its first cause of action a claim for breach of contract based on Hennessee Group's alleged violation of the Agreement signed by Bollman on Plaintiff's behalf.  See Compl. at ¶¶ 44-46.

3. The Complaint alleges that, on August 27, 2001, Hennessee Group prepared a presentation in which it recommended a portfolio of hedge funds to Plaintiff.  See Compl. at ¶ 22.  This presentation, like all of the others created for Plaintiff's benefit, was directed to Bollman, who was authorized to and did retain Hennessee Group for the purpose of investing in hedge funds on Plaintiff's behalf.  See Ex. F., attached to Gradante Supp. Decl.

4. At all relevant times, Bollman held himself out as having a beneficial interest in, and represented, South Cherry Street.  See Gradante Supp. Decl. at ¶ 4.  At no time did Plaintiff advise Hennessee Group that Bollman did not have authority to make investments for Plaintiff under the Agreement.

5. From the inception of Plaintiff's relationship with Hennessee Group, Bollman accepted receipt of documents on behalf of South Cherry Street, including correspondence, invoices for payment of advisory fees and performance monitors sent by the Hennessee Group.  See Invoices for Couth Cherry Street and cover letters attached as Ex. B - E to Gradante Supp. Decl.  Neither Bollman nor any other member of Plaintiff ever objected.  See Gradante Supp. Decl. at ¶ 5.  Additionally, all advisory fees paid to Hennessee Group on Plaintiff's behalf were based on the invoices sent to Bollman.  See Gradante Supp. Decl. at ¶ 5.

6. Groothuis, who Plaintiff now claims is a principal of South Cherry Street, received correspondence from Hennessee Group only upon the request of Bollman—not in connection with Hennessee Group's provision of advisory services outside of and independent from the Agreement.  See Gradante Supp. Decl. at ¶ 6.

7. Hennessee Group made all of its investment recommendations to Plaintiff through Bollman. Hennessee Group also directed all presentations to Bollman, including the August 27, 2001 presentation which Plaintiff alleges was made for its benefit. See Gradante Supp. Decl. at ¶ 7 and Exhibit F thereto.

Plaintiff's thirteenth hour attempt to avoid arbitration by denying that Bollman had authority to bind Plaintiff is futile. Bollman was authorized to and did retain Hennessee Group for the benefit of Plaintiff. Plaintiff acted in accordance with that understanding throughout the life of its relationship with Defendants. The exhibits attached to Plaintiff's Opposition, including the Declaration of Groothuis, do nothing to rebut this conclusion.[1] To the extent that Plaintiff now seeks to withdraw or limit Bollman's authority, it is irrelevant to the disposition of this motion because Plaintiff has ratified the Agreement and is estopped from objecting to its enforceability.

## II. ARGUMENT

**PLAINTIFF CANNOT AVOID THE ARBITRATION CLAUSE CONTAINED WITHIN THE AGREEMENT EXECUTED BY ITS AUTHORIZED AGENT CRAIG BOLLMAN**

A. **Plaintiff's Recently Contrived Contention That Bollman Was An Agent With Limited Authority Is Contradicted By The Allegations In the Complaint**

In its Opposition, Plaintiff states for the first time, that Bollman's agency relationship did not extend to binding Plaintiff to the Agreement and that Hennessee Group agreed to "advise South Cherry on prospective hedge fund investments without having obtained any kind of advisory agreement…" This recent contrivance — nowhere mentioned in the Complaint or any

---

[1] Plaintiff has attached correspondence received from Bayou and performance monitors generated by Hennessee Group in support of the proposition that Bollman signed the Agreement in his individual capacity. The exhibits do not lead to this conclusion. The correspondence received from Bayou is exactly that – from Bayou. Hennessee Group was not privy to communication between Plaintiff, Bollman or Groothuis, on the one hand, and Bayou, on the other.

document before, during or after Plaintiff's client relationship with Hennessee Group — not only defies common sense but flatly contradicts the allegations and admissions contained within the Complaint.  See Pacheco v. Serendensky, 393 F.3d 348, 354 (2d Cir. 2004) (holding that a party is bound by assertions of fact made in pleadings), citing Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985); In re Worldcom, Inc. Securities Litigation, 308 F. Supp.2d 214, 232 (S.D.N.Y. 2004) (holding that allegations in a pleading are "judicial admissions").

First, the plain language of the Complaint characterizes Bollman as Plaintiff's "agent." See Compl. at ¶ 12.  Plaintiff should not be permitted to deny this admission, where the Complaint fails to limit or otherwise qualify Bollman's agency in any way.  See Pacheco, 393 F.3d at 354.  In fact, beyond its counsel's representation in Plaintiff's Opposition, Plaintiff still has yet to identify any purported limitations or submit any writing evidencing such restrictions.

Second, Plaintiff's first cause of action, for breach of contract, is based entirely on Hennessee Group's alleged violation of the terms of the Agreement — the Agreement Plaintiff now claims is not binding for purposes of this motion.  Plaintiff cannot selectively rely upon a portion of the Agreement that works to its benefit — *i.e.*, representations regarding Hennessee Group's due diligence process — and completely disavow the arbitration clause which requires arbitration before the American Arbitration Association ("AAA").  Goodridge v. Harvey Group, Inc., 778 F. Supp. 115, 130 (S.D.N.Y. 1991) (holding that a party cannot disavow those portions of a contract which it finds most odious and utilize only those portions which are beneficial).

In addition to the above-referenced admissions in the Complaint, Plaintiff further alleges:

> In reliance on Hennessee Group's representations, South Cherry asked Hennessee Group to recommend a specific portfolio of hedge fund investments.  At a presentation given on or about

>August 27, 2001, Hennessee Group recommended a portfolio of hedge fund investments…

See Compl. at ¶ 22.

The referenced presentation was given on August 27, 2001 and entitled "Presentation for: Craig Bollman" and, as the Complaint describes, was made for Plaintiff's benefit. See Ex. F. attached to the Gradante Supp. Decl. This fact further evidences Bollman's authority to act on Plaintiff's behalf. Accordingly, the representations and admissions made by Plaintiff in the Complaint establish that Plaintiff is bound by the Agreement entered into by Bollman.

**B.     Plaintiff's New Contention That Bollman Was An Agent With Limited Authority Is Inconsistent With The Conduct Of Bollman And Groothuis**

The conduct of Bollman and Groothuis throughout Plaintiff's relationship with Hennessee Group further establishes that Bollman had actual and apparent authority to bind Plaintiff to the Agreement and make hedge fund investments on its behalf. See Gradante Supp. Decl. at ¶ 4; Chateaugay Corp. v. LTV Corp., 139 B.R. 698, 604 (S.D.N.Y. 1992) (holding that a principal is bound by a contract entered into by its agent who has actual or apparent authority); see also Trustees of the UIU Health and Welfare Fund v. New York Flame Proofing Co., 828 F.2d 79, 83-84 (S.D.N.Y. 1987) (holding that apparent authority exists when a third party reasonably believes that the principal has delegated authority to its agent to act on its behalf).

At no time did Plaintiff inform Hennessee Group that Bollman did not have authority to make investment decisions on Plaintiff's behalf. See Gradante Supp. Decl. at ¶ 4. Each presentation given and recommendation made by Hennessee Group on Plaintiff's behalf was directed to Bollman, not Groothuis. See Gradante Supp. Decl. at ¶ 7. Groothuis, who was present on many of the telephonic meetings between Hennessee Group and Bollman, never intimated that he, not Bollman, had sole authority to bind Plaintiff to the Agreement or to hedge

fund investments. See Id. Furthermore, without objection, Bollman accepted receipt of invoices sent by Hennessee Group, reflecting advisory fees owed by Plaintiff and fees were paid on the basis of those invoices for the services rendered to Plaintiff. See Ex. B - E , attached to the Gradante Supp. Decl. Given this conduct, there is little doubt that Bollman had both actual and apparent authority to bind Plaintiff to the Agreement and to hedge fund investments. New York Flame Proofing Co., 828 F.2d at 83-84.

Even assuming, *arguendo*, that the Court determines that actual or apparent authority does not exist, Plaintiff has nonetheless ratified the Agreement by accepting advisory services from Hennessee Group, paying advisory fees in a manner consistent with the Agreement and allowing Bollman to act on its behalf for over four years without limiting or otherwise restricting his agency. See Itar-Tass Russian News Agency, No. 95 Civ. 2144, 1999 WL 58680, *8 (S.D.N.Y. Feb. 9, 1999) (holding that ratification occurs when there is "(1) acceptance by the principal of the benefits of the transaction (2) with full knowledge of the relevant facts (3) under circumstances indicating an intention to adopt the unauthorized acts"), citing Health Plan v. O'Higgins, 951 F. Supp. 352, 360 (N.D.N.Y 1997). For the reasons outlined above, to the extent Bollman acted outside the scope of his agency, he did so with the knowledge and full consent of Plaintiff, his purported principal, for the purpose of receiving hedge fund consulting services from Hennessee Group. See supra, pp. 1-7.

Accordingly, Plaintiff is now estopped from denying the existence and enforceability of the Agreement entered into between Hennessee Group and Bollman, Plaintiff's authorized agent.

**C.  As A Party Who Received A Direct Benefit From The Agreement And Who Is Expressly Bound By Its Terms, Plaintiff Cannot Avoid Arbitration With Charles Gradante And Elizabeth Lee Hennessee**

As established above, Plaintiff is expressly bound by the terms of the Agreement entered into by Bollman. Consequently, Plaintiff cannot avoid arbitration with Charles Gradante and Elizabeth Lee Hennessee because its claims against them are "intertwined with the agreement" between Plaintiff and Hennessee Group. See Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP, No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004), quoting Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co., 271 F.3d 403, 404 (2d. Cir. 2001).

Furthermore, by filing a claim for breach of contract, Plaintiff has retained (and continues to retain) a benefit from the Agreement by attempting to use its provisions offensively in this litigation. See Hickox v. Friedland, No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001) (holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause); see also Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp.2d 182, 187 (E.D.N.Y. 2006) (non-signatory was bound by an arbitration clause under principles of estoppel where the non-signatory retained a direct benefit from the agreement containing the arbitration clause and, knowing of said clause, failed to object). Under these circumstances, Plaintiff is estopped from avoiding arbitration with Charles Gradante and Elizabeth Lee Hennessee.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay all proceedings against Defendants and compel Plaintiff to arbitration in a manner consistent with the Agreement.

Dated: July 17, 2006

                                                Respectfully submitted,

                                                By: _____/S/_____
                                                    Lawrence E. Fenster (LF 9378)
                                                    Matthew C. Plant  (MP 0328)
                                                    BRESSLER, AMERY & ROSS
                                                    17 State Street, 34th Floor
                                                    New York, New York  10004
                                                    (212) 425-9300
                                                    (212) 425-9337
                                                    lfenster@bressler.com
                                                    Attorney for Defendants
                                                    Hennessee Group, LLC,
                                                    Elizabeth Lee Hennessee and
                                                    Charles Gradante

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, a copy of *Defendants' Reply in Support of Their Motion to Stay This Proceeding And Compel Arbitration of Plaintiff's Claims* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/S/_____
Matthew C. Plant (MP 0328)
