UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION  :  06 MD 1755 (CM)

------------------------------------------------------------X

THIS DOCUMENT RELATES TO:
------------------------------------------------------------X

SOUTH CHERRY STREET, LLC,

      Plaintiff,

      vs.

HENNESSEE GROUP LLC,
ELIZABETH LEE HENNESSEE and
CHARLES GRADANTE

      Defendants.

No.: 06-cv-02943 (CM)

**SUPPLEMENTAL DECLARATION OF CHARLES GRADANTE**

**Electronically Filed**

---

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK   )

      Pursuant to 28 U.S.C. § 1746(2) (2004), I declare under penalty of perjury that the foregoing is true and correct:

1. My name is Charles Gradante. I am more than 18 years of age and understand the nature and obligation of an oath. I have personal knowledge of the facts and statements contained in this Declaration and each of them is true and correct. I am a Managing Principal of Hennessee Group, LLC.

2. I submit this Declaration in support of Hennessee Group, LLC (the "Hennessee Group"), Elizabeth Lee Hennessee and my Motion to stay this proceeding and compel arbitration of Plaintiff's claims ("Motion") and to respond to specific factual allegations made by Plaintiff in its Opposition to the Motion.

3. The majority of Hennessee Group's clients are high net worth individuals who in the normal course of business utilize multiple entities, including family limited partnerships, joint ventures and limited liability corporations, to invest their assets.

> For the clients' convenience and confidentiality, Hennessee Group does not require identification of all entities used by its clients to invest in hedge funds or require proof of ownership of a given entity. This is precisely why Plaintiff's Agreement recites that it is being entered into by:
>
>> Craig Bollman; and all other entities, that may invest in hedge funds, for which Mr. Bollman is authorized under the terms of any applicable plan, trust, partnership agreement or other governing instrument and by any applicable law to retain Hennessee and to make investments in hedge funds (collectively "Client"). . . .
>
> See Investment Advisory Agreement, attached hereto as Exhibit A. The Agreement thus allows the client to freely invest in hedge funds using any desired investment vehicle, while helping ensure that Hennessee Group receives agreed upon compensation for the client's use of its proprietary research and analytics.

4. At all relevant times, Bollman held himself out as having a beneficial interest in, and represented, South Cherry Street. At no time did Plaintiff advise Hennessee Group that Bollman did not have authority to make investments for Plaintiff under the Agreement.

5. From the inception of Plaintiff's relationship with Hennessee Group, Bollman accepted receipt of documents on behalf of South Cherry Street, including correspondence, invoices for payment of advisory fees and performance monitors sent by the Hennessee Group. See Invoices for South Cherry Street and cover letters attached hereto as Exhibits B-E. Neither Bollman nor any other member of Plaintiff ever objected. Additionally, all advisory fees paid to Hennessee Group on Plaintiff's behalf were based on the invoices sent to Bollman.

6. Groothuis received correspondence from Hennessee Group only upon the request of Bollman—not in connection with Hennessee Group's provision of advisory services outside of and independent from the Agreement.

7. Hennessee Group made all of its investment recommendations to Plaintiff through Bollman. Hennessee Group also directed all presentations to Bollman, including the August 27, 2001 presentation which Plaintiff alleges was made for its benefit. A copy of the August 27, 2001 presentation is attached hereto as Exhibit F. Groothuis, who was present on many of the telephonic meetings between Hennessee Group and Bollman, never intimated that he, not Bollman, had sole authority to bind Plaintiff to the Agreement or to hedge fund investments.

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated herein are true.

Executed on July 17, 2006

_____
Charles Gradante

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, a copy of the *Supplemental Declaration of Charles Gradante* and exhibits thereto was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Matthew C. Plant (MP 0328)