**BINGHAM McCUTCHEN**

Ted Poretz
Direct Tel No.: 212.705.7412
Direct Fax No.: 212.702.3618
E-Mail: Ted.Poretz@Bingham.com

December 21, 2006

**BY FEDERAL EXPRESS**

Hon. Colleen McMahon
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

212.705.7000
212.752.5378 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:   **In re: Bayou Hedge Fund Litigation
      06 MDL 1755 (CM)
      South Cherry Street LLC v. Hennessee Group LLC,
      Elizabeth Lee Hennessee and Charles A. Gradante
      06 CV 2943 (LS)**

Dear Judge McMahon:

   We represent plaintiff South Cherry Street LLC ("South Cherry") in the above-entitled action against Hennessee Group LLC ("Hennessee Group") and its two principals, Elizabeth Lee Hennessee and Charles A. Gradante. Thank you for allowing us a brief opportunity to respond to the December 15, 2006 letter of Lawrence Fenster, Esq., asking the Court to clarify its Memorandum Order Denying Motion by Defendants to Stay this Action and to Compel Arbitration dated December 5, 2006 (the "Order").

   Defendants are not entitled to re-argument on the assertion that the Court failed to address the ratification and estoppel arguments in their Objections to the Report and Recommendation of Magistrate Judge Fox. The Court should be aware that Defendants did not argue ratification and estoppel to Magistrate Judge Fox. Rather, they argued only actual and apparent authority, both of which Magistrate Judge Fox addressed in the Report and Recommendation. As noted previously, Defendants declined the invitation to submit post-hearing memoranda to Magistrate Judge Fox (as did we). Defendants are not entitled to raise in an objection, an argument that could have, but was not, made directly to a magistrate. *See*, for example, *Morgan v. Barnhart*, 2005 WL 2338709 (S.D.N.Y.) (attached herewith), which contains an excellent synopsis of the numerous other cases on this well-established point.

   The gravamen of Defendants' argument is that South Cherry used investment recommendations made by Hennessee Group to Craig Bollman

NYDOCS/1277695.1

1

Hon. Colleen McMahon
December 21, 2006
Page 2

("Bollman") in an August 21, 2001 presentation and is therefore estopped from denying that it received the benefit of the Investment Advisory Agreement containing the arbitration clause at issue here. Defendants assert: "It cannot be disputed that Hennessee Group's recommendations ... were made to Bollman." (Objections, at 14). They are simply wrong about this.

Bingham McCutchen LLP
bingham.com

What is missing from this argument is the fact that all of the recommendations Hennessee Group is said to have made to Bollman were made separately to South Cherry and its principal, Fred Groothuis ("Groothuis") (See, e.g. Trans. pp 30-32, 35).[1] Groothuis' testimony is clear and undisputed: that he received information from the Hennessee Group as to every investment South Cherry ever made through Hennessee Group (Trans., p. 35) and that for every investment South Cherry made through Hennessee Group, he had a conversation with Leeana Piscopo (Trans. p.31), Charles Gradante, one of Hennessee Group's two principals, did not dispute this, and Leeana Piscopo, as the Court knows, did not testify. In that undisputed light, the fact that South Cherry invested in a number of the same investments that Hennessee Group separately recommended to Bollman (whose investment vehicle, Proteus Associates, LP invested in only one hedge fund through Hennessee Group), simply cannot be used to support the proposition that South Cherry received the benefit of the Investment Advisory Agreement Bollman signed on his own behalf.

The fact that South Cherry received some of the same advice that Hennessee Group separately recommended to Bollman should not be surprising. After all, Hennessee Group recommended investing in Bayou Group, to cite one example, to dozens of different investors, as a result of which more than $70 million was invested in Bayou Fund by Hennessee Group clients. Without the discovery that Hennessee Group has assiduously sought to delay, there is no reason to suppose that Hennessee Group equally recommended other hedge funds widely among its clientele.

Groothuis' testimony, which Magistrate Judge Fox properly credited, is that South Cherry had its own agreement with Hennessee Group, an oral agreement by which Hennessee Group agreed to provide hedge fund recommendations to South Cherry in exchange for which South Cherry would

---

[1]  There may be some confusion on the Transcript page references used here insofar as the copy of the Transcript I have appears to have different page references on the top and bottom of each page. The page references used here refer to the numbers appearing on the bottom of each page.

Hon. Colleen McMahon
December 21, 2006
Page 3

Bingham McCutchen LLP
bingham.com

compensate Hennessee Group. (Trans. pp. 27,50). In fact, South Cherry did compensate Hennessee Group for the investment recommendations it received (though, in two cases, with the mistaken use of the wrong entity's check).

All of this evidence points squarely to the fact that South Cherry derived no benefit from the Investment Advisory Agreement between Hennessee Group and Bollman, and certainly no benefit from the inclusion in the Investment Advisory Agreement of an arbitration provision. We respectfully submit Hennessee Group simply cannot leverage the fact that it gave similar advice to more than one client into the far different argument that each client should therefore be deemed to have signed onto all the provisions of a written arbitration agreement, when all the evidence is to the contrary.

At the end of the day, Magistrate Judge Fox and Your Honor were both correct that there was absolutely no evidence offered by Hennessee Group, whose burden it was to prove the point, that Bollman's signature on its standard form Investment Advisory Agreement bound South Cherry to anything. Having failed to prove that Bollman controlled South Cherry, or that South Cherry document authorized Bollman to bind it to arbitration, we urge the Court not to allow Hennessee Group to accomplish via the back door what it has abjectly failed to establish through the front.

Under the circumstances, we respectfully urge the Court to deny re-argument, and also to deny the application to toll any applicable deadlines for filing an appeal.

Sincerely,

Ted Poretz

cc: Lawrence Fenster, Esq.
Bressler Amery & Ross
Attorneys for Defendants

NYDOCS/1277695.1