UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

IN RE BAYOU HEDGE FUND LITIGATION          06 MDL 1755 (CM)

————————————————————————x

THIS DOCUMENT RELATES TO:

————————————————————————x

SOUTH CHERRY STREET LLC,

       Plaintiff,                          06 Civ. 2943 (CM)

  -against-

HENNESSEE GROUP LLC, ELIZABETH
LEE HENNESSEE AND CHARLES A.
GRADANTE,

       Defendants.

————————————————————————x

McMahon, J.:

    Defendants have moved for reargument of the Court's decision dated December 5, 2006, in which I ruled that South Cherry was not a party to a certain Agreement with Hennessee Group containing an arbitration clause, on the ground that the Court failed to address an argument made to Judge Fox: namely, that South Cherry was bound by the arbitration clause contained in the Agreement it did not sign because it ratified the agreement (by accepting benefits thereunder) and so is estopped to deny it.[1]

    Plaintiff responds that this argument was not in fact made to before the learned Magistrate Judge, and so is waived.

    It is the general rule in this District that an argument or evidence not presented to a magistrate judge to whom a matter has been referred for a non-binding report and

---

[1] To be precise, defendants moved by letter for "clarification" of this court's order. Since the order was perfectly clear, the court deemed the motion to be on for reargument, on the ground that the court had overlooked an argument made below.

recommendation is waived. The rule is often stated thus: The District Judge need not consider at the objection stage any fact or legal argument not presented to the Magistrate Judge. Morgan v. Barnhart, 2005 WL 2338709 (S.D.N.Y. 2005), and cases cited. Whether there is a difference between, "The District Judge *need not*," and, "The District Court *must not*" (the former suggesting that the District Judge may, if she wishes, consider the new material), this court can state with confidence that I *would not* consider a new argument that was not presented to Judge Fox, who conducted a hearing and wrote a lengthy and thoughtful report (albeit one that did not address the issue of ratification and estoppel).

To see whether the argument was in fact presented to the learned Magistrate Judge, I cannot refer to post-hearing briefs, because the parties decided not to submit them. I can look only at the original moving papers that were submitted to this court and referred to Judge Fox.

I have, therefore, read the briefs submitted on the referred motion by the Hennessee Defendants.

At page four of the moving brief, Hennessee stated the following proposition:

Furthermore, the Second Circuit has consistently held that non-signatories are bound by arbitration agreements under general principles of contract and agency law. See Thomson-CSF v. American Arbitration Association, 64 F. 3d 773, 776 (2d Cir. 1995)(holding that a non-signatory is bound by an arbitration agreement under the following theories: Incorporation by reference, assumption, estoppel, agency and veil piercing/alter ego); see also Hickox v. Friedland, no. 01-Civ. 2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001)(holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause); see also, Best Concrete Mix Corp. V. Lloyd's of London Underwriters, 413 F. Supp. 2d 182, 187 (E.D.N.Y. 2006) (non-signatory was bound by an arbitration clause under principles of estoppel where the non-signatory retained a direct benefit from the agreement containing the arbitration clause and, knowing of said clause, failed to object).

Plaintiff has retained (and continues to retain) a benefit from the Agreement because it has received investment advisory services from Hennessee Group and now seeks to hold Defendants accountable for Hennessee Group's alleged failure to fulfill its duties under the Agreement. Therefore, Plaintiff is estopped from challenging the enforceability of the arbitration clause. See Hickox, 2001 WL 1490696 at * 9).

Thus, it cannot be said that the Hennessee Defendants failed to raise the issue of ratification and estoppel, although it CAN be said that they did so obliquely (basically, by invoking the quite general proposition that non-signatories can be bound by arbitration agreements and citing for that proposition cases where the non-signatory was bound under principles of ratification and estoppel).

Defendants identified the benefits received under the Agreement as (1) receipt by South Cherry of investment advisory services from Hennessee Group, and (2) seeking to hold defendants accountable for Hennessee Group's alleged failure to fulfill its duties under the Agreement. (Id.) The briefs and moving papers do not identify any other benefits purportedly retained by South Cherry.

Ratification and estoppel are again mentioned on page 7 of the Defendants' Reply brief. The argument here is even more limited than the one made in the Moving Brief: "By filing a claim for breach of contract, Plaintiff has retained, and continues to retain a benefit from the Agreement by attempting to use its provisions offensively in this litigation." Reply Brief at 7.

Defendants' argument about "holding defendants accountable for failure to fulfill duties under the agreement," as well as the ratification and estoppel argument as presented in the Reply Brief, is predicated on the assumption that South Cherry is suing for breach of the Investment Advisory Agreement signed by Bollman. I do not understand South Cherry to be doing anything of the sort. Indeed, I look in vain in the complaint for any mention of the agreement signed by Bollman – there is none. And having taken the consistent position that it is *not* party to that agreement (because Bollman had no authority to bind it to that agreement), South Cherry is now and forever judicially estopped from seeking to enforce any duty owed by Hennessee pursuant to that Agreement.

Of course, South Cherry chose to bring a breach of contract claim, so in order to prevail plaintiff will have to prove that there was a contract between it and Hennessee Group. I have no idea what that "contract" might be, but I look forward with great interest to seeing evidence about exactly what sort of *enforceable* contract, with sufficiently definite terms, South Cherry entered into with the Hennessee Group. If there is no such contract, then South Cherry's breach of contract claim will be dismissed.

In its objections to the Report and Recommendation of Magistrate Judge Fox, the Hennessee Defendants expanded on their contention that South Cherry received and retained a benefit from the Agreement "because it received investment advisory services from Hennessee Group." Defendants argue as follows: (1) while Bollman may not have signed the Hennessee Investment Advisory Agreement on behalf of South Cherry, he signed it on behalf of himself; (2) pursuant to Bollman's own Investment Advisory Agreement, Bollman received advice; (3) Bollman passed that advice on to South Cherry; (4) that gave South Cherry a benefit under the Agreement, even though it was not a signatory to the Agreement; (5) South Cherry accepted that benefit when it accepted the advice; (6) the Agreement contains an arbitration clause; so (7) South Cherry is bound by the arbitration clause. (Objections to the Report and Recommendation of Magistrate Judge Fox at 12-14).

This "spin" on the "retained benefits" argument does not appear in any brief filed in support of the motion prior to the filing of the objections. I reject any suggestion that Judge Fox could have divined that this " for want of a nail, the kingdom was lost" theory from the Hennessee Defendants' use of the phase, "Plaintiff has retained (and continues to retain) a benefit from the Agreement because it has received investment advisory services from Hennessee Group." Therefore, whether this argument can fairly be said to have been raised

Hennessee Defendants' use of the phase, "Plaintiff has retained (and continues to retain) a benefit from the Agreement because it has received investment advisory services from Hennessee Group." Therefore, whether this argument can fairly be said to have been raised before the Magistrate Judge depends entirely on what was said in conferences or at the hearing. I was not there, and I have not been pointed to anyplace in the hearing transcript at which the "received investment advisory services" argument was made in this fashion. I recall evidence that South Cherry's principal, Groothius, was present along with Bollman at presentations made by the Hennessee Defendants – indeed, defendants highlighted that fact in support of their actual or implied authority argument – but that is an entirely different argument than the one made in the objection. That argument fairly implies that South Cherry received investment advisory services directly from Hennessee, not circuitously through Bollman, who got the information from Hennessee pursuant to his (Bollman's) Agreement.

In order to save time, I am sending this memorandum to Magistrate Judge Fox and asked him whether this particular argument, in this particular form, was made to him during the hearing. The parties are free to point out, either to Judge Fox or directly to me, any place in the pre-objection written record (other than the sections of the briefs I have quoted above) where the "Hennessee to South Cherry via Bollman constitutes a retained benefit under the Agreement" argument was made in the terms articulated in Hennessee' objection to Judge Fox's Report. I am also interested in where the record discloses evidence that South Cherry was aware of the arbitration agreement contained in the Investment Advisory Agreement – or, for that matter, that South Cherry was aware that there was a written Investment Advisory Agreement between Bollman and Hennessee.

I would ask Judge Fox to get back to me with his recollections within a week, and the parties have the same amount of time to point to anything in the transcript of proceedings before the learned Magistrate Judge that would shed any light on the subject. As soon as I get an answer, I will rule.

Dated: January 23, 2007

_____
U.S.D.J.

BY FAX TO ALL COUNSEL

BY HAND TO MAGISTRATE JUDGE FOX