BINGHAM McCUTCHEN

Ted Poretz
Direct Tel No.: 212.705.7412
Direct Fax No.: 212.702.3618
E-Mail: Ted.Poretz@Bingham.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

January 30, 2007

*cite me to page in the record*

BY FACSIMILE

Hon. Colleen McMahon
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

212.705.7000
212.752.5378 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re: In re: Bayou Hedge Fund Litigation
06 MDL 1755 (CM)
South Cherry Street LLC v. Hennessee Group LLC,
Elizabeth Lee Hennessee and Charles A. Gradante
06 CV 2943 (LS)

Dear Judge McMahon:

We represent plaintiff South Cherry Street LLC ("South Cherry") in the above-entitled action against Hennessee Group LLC ("Hennessee Group") and its two principals, Elizabeth Lee Hennessee and Charles A. Gradante. I write in brief response to the January 30, 2006 letter of Lawrence Fenster, Esq., who represents defendants, addressing the request Your Honor made in the January 23, 2007 Order.

Defendants all but admit that they did not argue to Magistrate Judge Fox that South Cherry is estopped from contesting arbitration because it received the benefit of investment recommendations Hennessee Group made to Craig Bollman ("Bollman"). Though Your Honor's reference to Magistrate Judge Fox is not framed in precisely the terms we are now discussing, there was certainly nothing about it that would have prevented defendants from making this argument. Indeed, the argument that South Cherry benefited from advice given to Bollman is closely related to the argument that Bollman was therefore South Cherry's agent, a finding Magistrate Judge Fox rejected. On that basis alone, we respectfully submit that the Court should put an end to this argument and direct defendants now to deal with the substance of South Cherry's allegations.

We argued in previous correspondence that there is no basis to find that South Cherry received the benefit of advice defendants gave Bollman in the face of the undisputed testimony of Fred Groothuis that _he_ received recommendations directly from Hennessee Group for all of the investments South Cherry made

NYDOCS/1281576.1        Copies mailed / handed / faxed to counsel ___/___/___

Hon. Colleen McMahon
January 30, 2007
Page 2

Bingham McCutchen LLP
bingham.com

through Hennessee Group, and that he spoke to Hennessee Group's Leeana Piscopo about every one of those investments before making them. There is no basis for the Court to find that South Cherry would have behaved any differently if Bollman had never signed an Investment Advisory Agreement with Hennessee Group. There is no connection in the record that can be drawn between any investment decision Groothuis made and any advice Bollman separately received from Hennessee Group.

There is no testimony in the record that Groothuis was aware that Bollman signed an Investment Advisory Agreement that contained an arbitration provision. Defendants do not point to any, and should not be heard to raise the inferential argument, at this late stage, that "the only plausible conclusion" is that Groothuis had such knowledge, especially given defendants' opportunity to develop this theme by cross-examining both Groothuis and Bollman, each of whom testified to Magistrate Judge Fox.

Finally, we ask the Court to strike the gratuitous reference to the nature of the oral agreement between South Cherry and Hennessee Group. Defendants will have ample opportunity to cross-examine Mr. Groothuis on this and other subjects, but for now there should be no mystery about the general nature of the contract: Mr. Groothuis testified, and will testify, that Hennessee Group agreed to provide hedge fund investment recommendations to South Cherry based on its allegedly unique and disciplined due diligence process, in exchange for which South Cherry agreed to pay a fee of one percent of the assets invested. In fact, as Hennessee Group well knows, it provided South Cherry with recommendations, and as to those South Cherry accepted, it sent South Cherry a bill in the amount of the agreed-upon fee. There ought to be no question that this constitutes a contract under New York law.

Sincerely,

Ted Poretz

cc: Lawrence Fenster, Esq (by email).
Bressler Amery & Ross
Attorneys for Defendants

NYDOCS/1281576.1