

# BRESSLER, AMERY & ROSS, P.C.
## ATTORNEYS AT LAW

17 STATE STREET
NEW YORK, NY 10004
(212) 425-9300
FAX (212) 425-9337

www.bressler.com

NEW JERSEY OFFICE
325 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932
(973) 514-1200

FLORIDA OFFICE
HUNTINGTON CENTRE II
2801 S.W. 149TH AVENUE
MIRAMAR, FL 33027
(954) 499-7979

April 18, 2007

**Via Facsimile**

The Honorable Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

Re: **In re Bayou Hedge Fund Litigation, MDL No. 1755**
**South Cherry Street LLC v. Hennessee Group LLC,**
**Elizabeth Lee Hennessee and Charles A. Gradante, No.: 06-cv-02943 (CM)**

Dear Judge McMahon:

We represent Defendants Hennessee Group, LLC ("Hennessee Group"), Elizabeth Lee Hennessee ("Hennessee") and Charles Gradante ("Gradante") (collectively referred to as the "Hennessee Defendants") in the above-referenced proceeding.

On or about February 26, 2007, Plaintiff South Cherry Street, LLC ("Plaintiff") filed its Amended Complaint, asserting causes of action against Hennessee Group for breach of contract, breach of fiduciary duty and violation of Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. The Amended Complaint also alleges a cause of action against Gradante and Hennessee for control person liability under Section 20 of the Securities and Exchange Act of 1934.

In the Amended Complaint, Plaintiff contends <u>for the first time</u> that Hennessee Group made specific representations to <u>Plaintiff</u> regarding its due diligence process. Specifically, Plaintiff alleges that in or about August 2001, Hennessee Group provided Plaintiff's purported principal Fred Groothuis with a document titled "Hennessee Hedge Fund Advisory Group Investor Presentation" ("Investor Presentation") that described Hennessee Group's due diligence process in detail. Plaintiff alleged that these representations induced Plaintiff to hire Hennessee Group as its hedge fund consultant and invest in hedge funds. Interestingly, Plaintiff neither referenced this document in the original Complaint nor attached it to the Amended Complaint.

846466_1

April 18, 2007
Page 2

BRESSLER, AMERY & ROSS, P.C.

On April 6, 2007, the Hennessee Defendants filed their Motion to Dismiss the Amended Complaint and Brief in Support thereof ("Motion to Dismiss"). The Motion to Dismiss seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

In the Declaration submitted by Gradante in support of the Motion to Dismiss, the Hennessee Defendants attached the 2001 *pro forma* Investor Presentation that was often provided to actual and prospective clients as a marketing tool. As set forth in the Motion to Dismiss, this document does not describe Hennessee Group's due diligence process with the detail set forth in the Amended Complaint and, in any event, would not constitute an offer by Hennessee Group to perform advisory services on Plaintiff's behalf. Additionally, Hennessee Group asserted that it did not have a record of sending the 2001 *pro forma* Investor Presentation to Plaintiff or to Groothuis.

Since filing the Motion to Dismiss, the undersigned has learned that upon specific request by a client, Hennessee Group would provide said client with additional information regarding a range of topics, including its due diligence process. Hennessee Group would tailor its response to satisfy the specific nature and scope of the request. In some instances, the additional information was conveyed to the client in a more specific Investor Presentation—again to be used as a marketing tool.

We have further learned from Hennessee Group that it has no record of Plaintiff or Groothuis requesting additional information from Hennessee Group regarding its services, let alone a request for a more specific Investor Presentation. Because Plaintiff did not attach the Investor Presentation to the Amended Complaint and Hennessee Group does not have a record of a more specific Investor Presentation being requested by or sent to Plaintiff or Groothuis, only the *pro forma* Investor Presentation is referenced in the Motion to Dismiss. However, the Hennessee Defendants want to bring this fact to the Court's attention in the event that Plaintiff and/or Groothuis are able to firmly demonstrate through credible evidence that they received a copy of a more specific Investor Presentation directly from Hennessee Group.[1]

Prior to filing this Amendment to their Motion to Dismiss, the undersigned contacted Plaintiff's counsel and requested that Plaintiff produce a copy of the Investor Presentation referenced in the Amended Complaint. Plaintiff's counsel declined.

The Hennessee Defendants do not believe that this amendment modifies their legal arguments for dismissal of the Amended Complaint. Even if Plaintiff or Groothuis received a copy of the more specific Investor Presentation, it does not formulate the basis of a valid and enforceable contract to perform investment advisory services on Plaintiff's behalf and does not overcome the other legal grounds for dismissal.

---

[1] As the Court may recall, Plaintiff initially alleged that Hennessee Group made specific representations regarding its due diligence process to Plaintiff's purported agent, Craig Bollman ("Bollman"). In fact, the entire Complaint was comprised of representations allegedly made to Bollman, rather than to Plaintiff or Groothuis. Plaintiff later retreated from this allegation and now maintains that Bollman had no authority to do anything on Plaintiff's behalf.

846466_1

April 18, 2007  BRESSLER, AMERY & ROSS, P.C.
Page 2

    Should counsel for Plaintiff feel that he needs additional time to respond to the Motion to Dismiss based on the content of this letter, the Hennessee Defendants have no objection.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

Matthew C. Plant

cc:    Ted Poretz, Esq. (via fax and regular mail)