UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                :
                                                :
IN RE BAYOU HEDGE FUND INVESTMENT    :   06 MD 1755 (CM)
LITIGATION                                      :
                                                :
                                                :
------------------------------------------------ X
THIS DOCUMENT RELATES TO:                       :
------------------------------------------------ X
                                                :
SOUTH CHERRY STREET, LLC,                       :
                                                :
            Plaintiff,                          :
                                                :
                                                :   No.: 06-cv-02943 (CM)
                                                :
    vs.                                         :
                                                :
HENNESSEE GROUP LLC,                            :
ELIZABETH LEE HENNESSEE and                     :
CHARLES GRADANTE                                :
                                                :   **Electronically Filed**
            Defendants.                         :
_____ :

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED COMPLAINT**

---

                                BRESSLER, AMERY & ROSS
                                17 State Street, 34th Floor
                                New York, New York 10004
                                (212) 425-9300
                                Attorneys for Defendants
                                Hennessee Group, LLC, Elizabeth Lee
                                Hennessee and Charles Gradante

On the Brief:  Bennett Falk (BF 5539)
               Matthew C. Plant (MP 0328)
               Matthew E. Wolper (MW 8835)

**TABLE OF CONTENTS**

**PAGES**

TABLE OF AUTHORITY..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

SUMMARY OF ARGUMENT .......................................................................................... 1

ARGUMENT.......................................................................................................................3

    I.       PLAINTIFF'S FEDERAL SECURITIES LAWS CLAIMS
            SHOULD BE DISMISSED ............................................................................... 3

          A.  *Plaintiff's Allegations of Scienter Are Insufficient*............................... 3

          B.  *Plaintiff's Section 20(a) Claims Should Be Dismissed For Failure
              To Plead Culpable Participation By Gradante Or Lee Hennessee*...............4

          C.  *Plaintiff Cannot Plead Loss Causation*................................................ 6

    II.      PLAINTIFF HAS NOT PLED (AND CANNOT PLEAD)
           THE EXISTENCE OF AN ENFORCEABLE "ORAL" OR
           "WRITTEN" CONTRACT ................................................................................ 7

          A.  *The Investor Presentation Does Not Constitute An Offer To
              Perform Investment Advisory Services*...............................................7

          B.  *Plaintiff's Interpretation Of The Statute Of Frauds Is
              Unreasonably Restrictive*...................................................................9

    III.     PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS
           BARRED BY THE MARTIN ACT ................................................................ 10

CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITY

### Federal Cases

Alleghany Corp. v. James Foundation of NY, Inc.
   115 F.Supp. 282, 299, n. 29 (S.D.N.Y. 1953) .................................................................7

Boguslavsky v. Kaplan
   159 F.3d 715, 720 (2d. Cir. 1998) ..................................................................................4

Chapman v. Pacificare of Texas, Inc.
   No. Civ. A. H-02-2188, 2005 WL 1155108, *7 (S.D. Tex. Apr. 18, 2005) .............................8

Denny v. Barber,
   576 F.2d 465, 470 (2d. Cir. 1978) ..................................................................................3

Dura Pharmaceuticals, Inc. v. Broudo
   544 U.S. 336, 342-343 125 S. Ct. 1627, 1631-1632 (2005)......................................................6

Express Industries and Terminal Corp. v. NY State Dep't of Transportation
   93 N.Y.2d 584, 590 (N.Y. 1999)......................................................................................7

Farago Advertising, Inc. v. Hollinger Int'l, Inc.
   157 F.Supp.2d 252, 259 (S.D.N.Y. 2001).........................................................................7

Gabriel Capital, L.P. v. Natwest Finance, Inc.
   137 F. Supp.2d 251, 266-267 (S.D.N.Y. 2000).................................................................10

Gompper v. VISX, Inc.
   298 F.2d 893, 897 (9th Cir. 2002) ..................................................................................4

Independent Order of Forresters v. DLJ, Inc.
   157 F.3d 933, 939, n. 6 (2d. Cir. 1998)............................................................................8

In re Carter Wallace, Inc. Sec., Litig.
   220 F.3d 36, 39 (2d Cir 2000) .......................................................................................3

Kalnit v. Eichler
   264 F.3d 131, 142 (2d. Cir. 2001) ..................................................................................3

Lapin v. Goldman Sachs Group, Inc.
   No. 04CV2236, 2006 WL 2850226, *19-20 (S.D.N.Y. Sept. 29, 2006)...................................5

Lentell v. Merrill Lynch & Co.
   396 F.3d 161, 175 (2d. Cir. 2005) .................................................................................6,7

Linear Technology Corp. v. Micrel, Inc.
   275 F.3d 1040, 1051 (Fed. Cir. 2002) .................................................................................. 8

Ptasynski v. Shell Western E & P, Inc.
   32 Fed. Appx. 126 (5th Cir. 2002) ....................................................................................... 8

SEC v. First Jersey Securities, Inc.
   101 F.3d 1450, 1472 (2d. Cir. 1996) .................................................................................... 4

Sedona Corp. v. Ladenburg Thalmann & Co., Inc.
   No. 03 Civ. 3120, 2005 WL 1902780, *21-23 (S.D.N.Y. Aug, 9, 2005) ............................ 10

Shields v. Citytrust Bancorp, Inc.
   25 F.3d 1124, 1129-1130 (2d. Cir. 1994) ............................................................................ 3

Vivendi Universal, S.A. v. Liberty Media Corp.
   No. 02 Civ. 5571, 2004 WL 876050, *9 (S.D.N.Y., Apr. 22, 2004) .................................... 5

## OTHER AUTHORITIES

FRCP 9(b), 10(b), 10b-5 and 12(b)(6) ........................................................................... 1-2,4-5

Section 5-701 and 5-701(a)(10) New York General Obligations Laws ................................ 9

## INTRODUCTION

Defendants Hennessee Group, LLC ("Hennessee Group"), Elizabeth Lee Hennessee ("Hennessee") and Charles J. Gradante ("Gradante") (collectively the "Defendants") submit this reply brief in support of their motion, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint in this action with prejudice.

## SUMMARY OF ARGUMENT

Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint ("Opposition") is long in pejorative and disparaging rhetoric, yet utterly deficient in correcting the fatal flaws in the Amended Complaint. The lynchpin of Plaintiff's entire case is apparently that the Investor Presentation attached to Plaintiff's Opposition ("Investor Presentation")—a marketing brochure—constitutes an "offer" to perform hedge fund advisory services for Plaintiff and that Hennessee Group's failure to abide by the terms of this marketing brochure provides the necessary predicate for Plaintiff's causes of action for breach of an "oral" contract, breach of fiduciary duty and violation of Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. To borrow Plaintiff's own words, it has "miss[ed] the mark widely" in this assertion.

As a matter of law and logic, the Investor Presentation does not constitute an "offer" sufficient to create a contract upon acceptance. It is simply a marketing brochure intended to introduce prospective clients to Hennessee Group and hedge funds. Consequently, all of Plaintiff's claims fail because it cannot demonstrate that Hennessee Group was obligated to perform any advisory functions on Plaintiff's behalf, including due diligence.

Additional grounds exist supporting the dismissal of each of Plaintiff's claims. With respect to Plaintiff's federal securities laws claims, its allegations of scienter and loss causation

are insufficient. Plaintiff's allegations of scienter do not comply with FRCP 9(b) or the Private Securities Litigation Reform Act ("Reform Act") in that Plaintiff has failed to allege sufficient facts to support a strong inference of an intent to deceive.

Plaintiff's interpretation of loss causation as occurring at the moment it made its investment is directly contradicted by Plaintiff's own allegations in the Amended Complaint that it withdrew $1.75 million from Bayou in the Spring of 2004. See Am. Compl. at ¶ 32. Additionally, binding Supreme Court and Second Circuit precedent requires that the fraudulent statement or omission cause the actual loss suffered. Regardless of how creatively Plaintiff packages its loss causation argument for the purpose of responding to this motion, Bayou's seven year fraud (not Hennessee Group) is the legal cause of its losses.

Plaintiff's causes of action for breach of contract and breach of fiduciary duty fair no better. As set forth above, Plaintiff has not pled (and cannot plead) the existence of a valid and enforceable "oral" contract based on information within the Investor Presentation. Moreover, contrary to Plaintiff's contention, the statute of frauds is intended to preclude the enforceability of flimsy "oral" contracts like the one alleged by Plaintiff where there are indefinite and vague terms and where the purpose of the alleged contract is to identify and invest in a "business opportunity" and/or "partnership interest."

Finally, Plaintiff has entirely misinterpreted the scope of the Martin Act. The Martin Act precludes securities related claims for breach of fiduciary duty where the allegations involve deception, regardless of whether the defendant is an individual, entity or an investment advisor. Given that the entire Amended Complaint contemplates deception by Hennessee Group with respect to its services and its reporting of Bayou, its cause of action for breach of fiduciary duty falls directly within the ambit of the Martin Act. The fact that Hennessee Group is a registered

investment advisor versus an individual or an entity (registered or otherwise) is of absolutely no moment. Accordingly, for the reasons set forth herein and in the Motion to Dismiss, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.[1]

## ARGUMENT

I. PLAINTIFF'S FEDERAL SECURITIES LAWS CLAIMS SHOULD BE DISMISSED

A. *Plaintiff's Allegations Of Scienter Are Insufficient*

Plaintiff alleges that it has presented "strong circumstantial evidence of [Defendants] conscious misbehavior" or recklessness based on Hennessee Group's failure to uncover Bayou's seven year fraud "coupled with its continued recommendation of Bayou as an investment." See Plaintiff's Opposition at p. 10. This conclusory type of pleading, more akin to the "fraud by hindsight" theory rejected by the Second Circuit, is insufficient to demonstrate that the alleged misconduct approaches "willful blindness," constituting conduct which is "at the least…highly unreasonable…represent[ing] an extreme departure from the standards of ordinary care to the extent that the danger was so obvious that the defendant must have been aware of it." Kalnit v. Eichler, 264 F.3d 131, 142 (2d Cir. 2001), quoting In re Carter Wallace, Inc. Sec. Litig., 220 F.3d 36, 39 (2d Cir. 2000); see also Denny v. Barber, 576 F.2d 465, 470 (2d Cir. 1978) (rejecting the legitimacy of the "fraud by hindsight" theory).

In Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1129-1130 (2d Cir. 1994), one of the cases relied on by Plaintiff in its Opposition, the court considered and rejected allegations similar to those in the Amended Complaint. There, the court stated:

---

[1] Defendants hereby incorporate the Statement of Facts and Argument contained within its Brief in Support of their Motion to Dismiss Amended Complaint. Arguments not re-asserted herein should not be deemed a waiver.

> These allegations do not say, however, that the company's disclosures were inconsistent with current data. The pleading strongly suggests that the defendants should have been more alert and more skeptical, but nothing alleged indicates that management was promoting a fraud. People in charge of an enterprise are not required to take a gloomy, fearful or defeatist view of the future…The district court did not err in concluding that the allegations of the Second Amended Complaint are insufficient to support an inference of fraud.

Id. at 1129-1130.

Here, Plaintiff has affirmatively stated that Hennessee Group "should" have uncovered the Bayou fraud but it has not alleged facts sufficient to support a "strong inference" that Hennessee Group had the ability or obligation to do so. Negating any inference of scienter is the undisputed fact that Bayou successfully concealed its fraud from sophisticated investors, hedge fund advisors, consultants, regulators, lawyers, market analysts, accountants, employees and other industry professionals for nearly seven years. See Gompper v. VISX, Inc., 298 F.3d 893, 897 (9th Cir. 2002) (holding that courts must consider "all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs"). Under Plaintiff's own legal framework, its allegations of scienter do not satisfy FRCP 9(b). Accordingly, Plaintiff has failed to allege sufficient facts to support a strong inference of an intent to defraud and therefore its 10(b) and Rule 10b-5 claims should be dismissed.

### B. *Plaintiff's Section 20(a) Claims Should Be Dismissed For Failure To Plead Culpable Participation By Gradante Or Lee Hennessee*

Plaintiff's Opposition also does little to clarify the role Gradante and Lee Hennessee played in Hennessee Group's alleged fraud. In order to plead a *prima facie* case under Section 20(a), Plaintiff is required to plead sufficient facts to show that the controlling person was "in some meaningful sense a culpable participant in the fraud perpetrated by the controlled person." See Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998), quoting SEC v. First Jersey Securities, Inc., 101 F.3d 1450, 1472 (2d Cir. 1996).

Plaintiff attaches to its Opposition the decision in Vivendi Universal, S.A. v. Liberty Media Corp., No. 02 Civ. 5571, 2004 WL 876050, *9 (S.D.N.Y. Apr. 22, 2004) for the proposition that the Amended Complaint need only plead "allegations allowing a reasonable inference that the alleged controlling person had the potential power to influence and direct the activities of the primary violator…" However, Plaintiff has completely ignored the very particularized facts relied on by the Court in Vivendi. Specifically, the complaint in Vivendi alleged that the control persons "issued statements and took other actions to conceal Vivendi's growing liquidity crisis," personally "executed materially misleading financial statements" and "participated in the promulgation of false statements in furtherance of the primary violations." Vivendi, 2004 WL 876050, *9.

Here, the Amended Complaint does not allege that Gradante or Lee Hennessee actively or passively participated in any dealings with Plaintiff's principal, Fred Groothuis, or that they had any interactions with or made any representations (let alone misrepresentations) to Groothuis regarding Hennessee Group's services or the Bayou Accredited Fund, LLC. In fact, the only reference to Gradante or Lee Hennessee in the Amended Complaint is in the paragraph discussing an alleged meeting that occurred between Gradante, Lee Hennessee and Craig Bollman.[2] See Am. Compl. at ¶ 12. These allegations are insufficient to satisfy the heightened pleading requirements in the Second Circuit for Section 20(a) claims. See Lapin v. Goldman Sachs Group, Inc., No. 04CV2236, 2006 WL 2850226, *19-20 (S.D.N.Y. Sep. 29, 2006). Accordingly, Plaintiff's Section 20(a) claims should be dismissed pursuant to FRCP 9(b).

---

[2] As the Court may recall, Bollman is an individual Plaintiff has repeatedly and unequivocally stated is not Plaintiff's agent or affiliate and has no authority to act on its behalf. Clearly nothing said to Bollman can be imputed to Plaintiff.

848503_1

### C. *Plaintiff Cannot Plead Loss Causation*

Plaintiff alleges that "loss causation" occurred at the instant Plaintiff made its investment in the Bayou Accredited Fund, LLC because the hedge fund was essentially worthless at the time of the investment. See Plaintiff's Opposition at p. 13. This position is different than what is alleged in the Amended Complaint, where Plaintiff's causation allegation is that "[a]bsent Hennessee Group's representation that it conducted the detailed five level due diligence process…South Cherry would not have opened a Hennessee Group account, and would not have invested in any hedge fund recommended by Hennessee Group, including Bayou." See Am. Compl. at ¶ 22. However, regardless of which loss causation argument is asserted, Plaintiff's interpretation is neither consistent with binding Supreme Court and Second Circuit precedent nor the allegations in the Amended Complaint.

The test, as articulated in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 342-343 125 S. Ct. 1627, 1631-1632 (2005) and Lentell v. Merrill Lynch & Co., 396 F. 3d 161, 175 (2d Cir. 2005) is whether there is a direct link between the alleged misrepresentations and omissions and the subsequent decline in the value of the securities. It is insufficient for an investor—as Plaintiff seeks to do here—to allege that he or she bought a security at an inflated price because the Supreme Court has held that "the logical link between the inflated share purchase price and any later economic loss is not invariably strong." Dura, 544 U.S. at 342.

The loss in this case could not have occurred at the moment of Plaintiff's investment because it was able to withdraw $1.75 million in the Spring of 2004. See Am. Compl. at ¶ 32. In fact, Plaintiff's loss is still unknown given that the Bayou bankruptcy receiver and the Arizona Attorney General have not made any distributions of the recovered assets. However, whatever loss occurred in this case was clearly caused by the fraud perpetrated by Bayou, not by

Hennessee Group. Hennessee Group had absolutely no direct or indirect connection to the decline or loss Plaintiff realized in the Bayou Accredited Fund, LLC. Therefore, Plaintiff's allegations of loss causation are nothing more than allegations of transaction causation that "explain[] why a particular investment was made, but do[] not speak to the relationship between the fraud and the loss of the investment." See Lentell, 396 F.3d at 174. Accordingly, Plaintiff's Section 10(b) and Rule 10b-5 claims should be dismissed with prejudice pursuant to FRCP 9(b).

## II. PLAINTIFF HAS NOT PLED (AND CANNOT PLEAD) THE EXISTENCE OF AN ENFORCEABLE "ORAL" OR "WRITTEN" CONTRACT

### A. *The Investor Presentation Does Not Constitute An Offer To Perform Investment Advisory Services*

Plaintiff's Opposition underscores the absence of any enforceable contract between Plaintiff and Hennessee Group. The theory alleged by Plaintiff is that the information contained within the Investor Presentation allegedly sent to Plaintiff by Hennessee Group constitutes a valid offer to perform advisory services that was, at some point, accepted by Plaintiff. However, under Plaintiff's self-serving analysis, all marketing materials created by companies would serve as the basis for an enforceable contract without regard for fundamental contractual principles, including offer, acceptance and mutual assent. This is clearly not the case.

Under New York law, "an offer is an act on the part of one person whereby he gives to another the legal power of creating the obligation called contract." See Farago Advertising, Inc. v. Hollinger Int'l, Inc., 157 F. Supp.2d 252, 259 (S.D.N.Y. 2001), quoting Alleghany Corp. v. James Foundation of NY, Inc., 115 F. Supp. 282, 299, n.29 (S.D.N.Y. 1953). In evaluating whether an "offer" has been made, there must be "sufficiently definite" terms as to all material matters. See Express Industries and Terminal Corp. v. NY State Dep't of Transportation, 93 N.Y.2d 584, 590 (N.Y. 1999).

The Investor Presentation at issue in this case is not an "offer" to perform advisory services. It is a marketing brochure that describes Hennessee Group's services and the hedge fund industry. There are no contract terms and there is certainly no provision allowing for acceptance. At best, the Investor Presentation could be characterized as an invitation for future discussion about what specific functions Hennessee Group could perform for a particular party.[3] To find otherwise would create a chilling effect among companies in virtually every industry. See Independent Order of Forresters v. DLJ, Inc., 157 F.3d 933, 939, n.6 (2d Cir. 1998) (holding that a sales brochure was not an offer); Independent Order of Forresters v. DLJ, Inc., 919 F. Supp. 149, 154-155 (S.D.N.Y 1996) (holding that, as a matter of law, it is unreasonable to rely on statements made in a sales brochure); Ptasynski v. Shell Western E & P, Inc., 32 Fed. Appx. 126 (5th Cir. 2002) (unpublished opinion) (holding that, as a matter of law, a marketing brochure was insufficient to form the basis of a contract); Chapman v. Pacificare of Texas, Inc., No. Civ. A. H-02-2188, 2005 WL 1155108, *7 (S.D. Tex. Ap. 18, 2005) (holding that the plaintiff could not base his breach of contract claim on representations made within a sales brochure); Linear Technology Corp. v. Micrel, Inc., 275 F.3d 1040, 1051 (Fed. Cir. 2002) (holding that contract law traditionally recognizes advertising and promotional materials as nothing more than invitations for offers). Accordingly, the Investor Presentation does not constitute an "offer" to perform services and cannot form the basis of a contract between Plaintiff and Hennessee Group.

---

[3] Plaintiff alleges that shortly after it received the Investor Presentation in August 2001, Hennessee Group employee Leeana Piscopo followed up with a telephone call to Groothuis to discuss "potential South Cherry hedge fund investments." See Am. Compl. at ¶ 21. Directly contradicting this allegation and the allegation that Plaintiff relied on information contained within the Investor Presentation in allegedly deciding to retain Hennessee Group is the date of the information contained within the Investor Presentation. According to the date range, the Investor Presentation would have been sent to Plaintiff in or about September/October 2000, ten months prior to the time period Plaintiff alleges that it was induced to enter into an "oral" contract with Hennessee Group. Even if the Court determines that the Investor Presentation constitutes an offer, it certainly became stale by August 2001.

### B. *Plaintiff's Interpretation Of The Statute Of Frauds Is Unreasonably Restrictive*

Plaintiff's contention that Section 5-701(a)(10) of New York's General Obligations Laws ("Statute of Frauds") does not bar its claim for breach of an "oral" contract is unreasonably restrictive. Section 5-701(a)(10), which precludes the enforceability of "oral" contracts for services rendered in connection with the negotiation of both a "business opportunity" or a "partnership interest" is applicable in this case because it accurately describes the role undertaken by Hennessee Group on behalf of its clients. As set forth in the Motion to Dismiss, Hennessee Group introduces its clients to prospective hedge fund investments who, in turn, consummate the transaction by independently executing the subscription documents, transferring funds to the hedge fund manager and ultimately becoming limited partners. See Mot. to Dismiss at pp. 20-21.

In an effort to change the dynamic of the relationship and avoid the application of Section 5-701(a)(10), Plaintiff alleges that Hennessee Group was not merely a "finder" but that it "earned its compensation for providing research, due diligence, recommendations and ongoing investigative services…" See Plaintiff's Opposition at p. 18. Plaintiff's assertion is incorrect. Like virtually every registered broker or finder in any industry, Hennessee Group attempts to identify suitable partners for its clients. In doing so, it performs a certain level of research and evaluation. However, if the client does not invest in a hedge fund, Hennessee Group does not get paid and the client does not owe Hennessee Group anything for research or any other services. Thus, Hennessee Group's compensation is directly linked to the transaction itself and is the precise set of circumstances contemplated by Section 5-701(a)(10). Accordingly, the "oral" contract alleged by Plaintiff is unenforceable under the statute of frauds and should be dismissed pursuant to FRCP 12(b)(6).

### III. PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS BARRED BY THE MARTIN ACT

Plaintiff contends that its claim for breach of fiduciary duty against Hennessee Group is not barred by the Martin Act because Hennessee Group is a registered investment advisor and owes fiduciary duties to its client. In making this argument, Plaintiff misunderstands the scope of the Martin Act. The test for preclusion of claims under the Martin Act is whether a Plaintiff is attempting to mask a securities related claim involving deception as a breach of fiduciary duty. See Sedona Corp. v. Ladenburg Thalmann & Co., Inc., No. 03 Civ. 3120, 2005 WL 1902780, *21-23 (S.D.N.Y. Aug. 9, 2005). In other words, if the facts supporting a securities related claim for breach of fiduciary duty involve deception, the claim is barred by the Martin Act. Id. This test applies regardless of whether the defendant is a registered investment advisor or an individual. Id. (dismissing breach of fiduciary duty claim against an investment advisor); Gabriel Capital, L.P. v. Natwest Finance, Inc., 137 F. Supp.2d 251, 266-267 (S.D.N.Y. 2000) (dismissing breach of fiduciary duty claim against an investment advisor).

Here, the entire Amended Complaint is predicated on the allegation that Hennessee Group misrepresented its investment related services and the Bayou hedge funds. Plaintiff incorporated all of the preceding facts under its cause of action for breach of fiduciary duty including those supporting its claim for securities fraud. See Am. Compl. at ¶ 51. Plaintiff cannot contend, in good faith, that its breach of fiduciary duty claim does not involve allegations of deception. Accordingly, Plaintiff's claim for breach of fiduciary duty is precisely the type of claim preempted by the Martin Act and should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons as well as those cited in the Motion to Dismiss, Defendants respectfully request that the Court dismiss all claims in the Amended Complaint with prejudice.

Dated: May 11, 2007

                                        Respectfully submitted,

By: _____/S/_____
    Bennett Falk (BF 5539)
    Matthew C. Plant (MP 0328)
    Matthew E. Wolper (MW 8835)
    BRESSLER, AMERY & ROSS, PC
    17 State Street, 34th Floor
    New York, New York  10004
    P: (212) 425-9300; F: (212) 425-9337
    bfalk@bressler.com
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2007, a copy of *Defendants' Reply Brief in Support of Their Motion to Dismiss the Amended Complaint* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      _____/S/_____
                                                      Matthew C. Plant (MP 0328)